United States v. Cushnie

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 29th day of January, two thousand thirteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                   *Circuit Judges*.

————————————————————————————————

UNITED STATES OF AMERICA,

                   *Appellee*,

         -v-                                          12-913-cr

DONALD CUSHNIE, a/k/a "DONOVAN CUSHNIE,"

                   *Defendant-Appellant*.

————————————————————————————————

Appearing for Appellant:     Darrell B. Fields, Federal Defenders of New York, Inc., Appeals
                             Bureau, New York, N.Y.

Appearing for Appellee:      Kristy J. Greenberg, Assistant United States Attorney, Southern
                             District of New York (Preet Bharara, United States Attorney,
                             Justin S. Weddle, Assistant United States Attorney, *on the brief*)

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Donald Cushnie, a/k/a "Donovan Cushnie," appeals from the judgment, entered March 5, 2012, of the United States District Court for the Southern District of New York (Buchwald, *J.*) sentencing him principally to a term of 24 months' imprisonment for failing to register or update a registration as a sex offender while traveling in interstate commerce in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Cushnie argues the district court incorrectly calculated his criminal history. "Prior sentence" is defined in the Guidelines as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). "Conduct that is part of the instant offense" is distinguished and defined as "relevant conduct." *Id.* Cushnie argues that relevant conduct includes acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. §1B1.3(a)(2). However, as the government correctly points out, the Guidelines commentary notes that "offense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. §1B1.3 commentary (n.8). Here, the indictment specifically charges that "from at least on or about January 25, 2011, up to and including the present . . . ." Plainly, it charges conduct from January 25, 2011 on, and not before. There simply is no "continuing conduct."

Moreover, a remand here would be pointless because as Cushnie concedes, reducing his criminal history points by two would still leave him with a criminal history category of IV and an applicable Guidelines range of 24 to 30 months. If the district court wanted to exercise its discretion to reduce the sentence it could have done so on this record, regardless of the criminal history category.

We have examined the remainder of Cushnie's arguments and find them to be without merit. The judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2